**NOT FOR PUBLICATION**



## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50370 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00939-SJO-1 |
| v. | |
| JOSE MANUEL DONELSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted June 10, 2011[**]
Pasadena, California

Before: TROTT and RYMER, Circuit Judges, and MCNAMEE, Senior District
Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Stephen M. McNamee, Senior District Judge for the U.S. District Court for Arizona, sitting by designation.

Donelson appeals the district court's denial of his request for substitution of counsel made after his conviction by a jury and before sentencing. After what his appellate counsel admits was a "lengthy inquiry into his concerns," the court concluded that if there was "a breakdown of communication, [it was] caused by Mr. Donelson." The record supports the district court's conclusions and findings on this issue, and the ruling which Donelson disputes was demonstrably an appropriate exercise of the court's discretion.

Second, Donelson disputes the court's order of restitution in the amount of $17,000 arguing (1) that the order was not supported by sufficient reliable evidence, and (2) that in any event, the court failed to make the findings required pursuant to Fed. R. Crim. P. 32(h)(i)(3)(B) to support it.

The factual issue of whether Donelson possessed the seventeen (17) missing postal orders was fully argued at sentencing. In rejecting the Presentence Investigation Report's (PSR) recommendation that no restitution was appropriate, the court manifestly adopted the government's contrary position that Donelson did possess those stolen orders, and that each was worth $1,000, for a total of $17,000. The court had reviewed the PSR, the addendum to the PSR, a confidential letter of recommendation to the court from the probation officer, and the government's

sentencing pleadings. The court's findings in this regard were not clearly erroneous.

As to Rule 32, it has been "complied with where the district court expressly adopts the position of either party to the dispute." United States v. Doe, 488 F.3d 1154, 1158 (9th Cir. 2007). Doe is directly on point and resolves this issue.

Finally, Donelson argues that his sentence was substantively unreasonable and not in accord with 18 U.S.C. § 3553(a). He also asserts, relying on United States v. Booker, 543 U.S. 220 (2005), that his sentence violated the Sixth Amendment-based rule against imposing a sentence greater than the sentence justified by the factual findings necessarily found by the jury as expressed in its verdict.

Donelson's sentence was roughly half of the maximum sentence. Given that his crime was most probably premeditated while he was in prison for armed robbery of a United States Post Office, and that the day after the burglary of a Postal Store in this case he possessed most of the 3,163 stolen blank postal money orders, if anything, his sentence was lenient, certainly not unreasonable.

Donelson's Sixth Amendment argument is foreclosed by our decision in United States v. Hickey, 580 F.3d 922, 932 (9th Cir. 2009) ("Because the

sentencing guidelines are advisory after <u>Booker</u>, the Sixth Amendment does not require that the loss be proved to a jury beyond a reasonable doubt.”).

**AFFIRMED.**